Jason W. Hardin (8793)
jhardin@fabianvancott.com
Sarah C. Vaughn (14615)
svaughn@fabianvancott.com
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 531-8900

*Attorneys for JUUL Labs, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PRIME INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JUUL LABS, INC.,<br><br>Defendant. | Civil No. 2:19-CV-00925-HCN<br><br>**NOTICE OF REMOVAL**<br><br>Hon. Howard C. Nielson, Jr. |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JUUL Labs, Inc. ("JLI") hereby gives notice of removal of the action titled *Prime Insurance Co., v. JUUL Labs, Inc.,* case no. 190904296, from the Third Judicial District Court for the State of Utah, where this action commenced, to the United States District Court, District of Utah, the district embracing the place where this case is pending. In support of this Notice of Removal, JLI states the following:

4846-3776-3242

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On May 30, 2019, Plaintiff, Prime Insurance Company ("Prime"), commenced an action against JLI in the Third Judicial District Court for the State of Utah in the matter styled *Prime Insurance Company v. JUUL Labs, Inc.*, case no. 190904296 (the "State Court Action"). (Complaint, attached hereto as <u>Exhibit A</u>.)

2. JLI has not yet been served with a Summons and the Complaint.

3. Pursuant to 28 U.S.C. § 1446(a), the attached Complaint comprises the "process, pleadings, and orders" from the State Court Action.

4. This Notice of Removal is timely because it is effected before JLI has been served with a Summons or the Complaint. *See* 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

5. "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; …" 28 U.S.C. § 1332(a).

**Diverse Citizenship**

6. At the time the Complaint was filed, at the time of removal, and at all intervening times, Prime was and continues to be incorporated under the laws of the State of Illinois with its principal place of business in Utah. (Compl. ¶ 1.)

7. At the time the Complaint was filed, at the time of removal, and at all intervening times, JLI was and continues to be incorporated under the laws of Delaware with its principal place of business in California. (Compl. ¶ 2; *see also* 28 U.S.C. § 1332(c)(1) (stating that, for purposes of determining whether diversity jurisdiction exists, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business).)

8. Thus, complete diversity of citizenship under 28 U.S.C. § 1332(a) exists in this case, giving this Court original jurisdiction over Prime's claims under 28 U.S.C. §§ 1441(a), (b).

**Amount in Controversy**

9. The claims asserted in the Complaint pertain to an Excess Liability Insurance Policy (Policy No. SC18121397) between Prime and JLI (the "Policy"). (Compl. ¶ 4.)

10. The Complaint seeks declaratory judgments that the Policy is rescinded, that Prime has no obligations to JLI under the Policy, that the Policy is

cancelled, and that there is no coverage available under the Policy for any claims arising from incidents occurring prior to the Policy's inception period. (Compl. ¶¶ 53, 58, 65-66.)

11. The Policy provides for $5,000,000 of aggregate excess liability coverage, and JLI's premiums for the Policy amount to $331,581.60. (Compl. at Ex. 1.)

12. Assuming only for purposes of this filing that all of the allegations in the Complaint are true, and disregarding only for purposes of this filing each and every defense of JLI, Prime has placed more than $75,000, exclusive of interest and costs, in controversy, thus satisfying the amount in controversy requirement under 28 U.S.C. § 1332(a).

## COMPLIANCE WITH PROCEDURAL REQUISITES

13. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because Prime's Complaint presents a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. Accordingly, this case is removable under 28 U.S.C. § 1441.

14. JLI reserves the right to file additional support for this Notice of Removal by way of declarations, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

15.     Because the State Court Action is pending in the Third Judicial District Court for the State of Utah, removal to this District Court is proper under 28 U.S.C. § 1441(a).

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action together with a copy of this Notice of Removal, shall promptly be filed with the Clerk of the Third Judicial District Court for the State of Utah, and served on Prime's counsel.

WHEREFORE, JLI respectfully requests that this case be removed from the Third Judicial District Court for the State of Utah to this Court and that this Court assume jurisdiction of this action and issue such further orders and processes as may be necessary.

DATED this 15th day of November, 2019.

>           /s/ Sarah C. Vaughn
> Jason W. Hardin
> Sarah C. Vaughn
> FABIAN VANCOTT
>
> *Attorneys for Defendant JUUL Labs, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November, 2019, a true and correct copy of the foregoing document was served via USPS and e-mail, on all counsel or parties of record on the Service List below:

>Andrew D. Wright
>STRONG & HANNI
>9350 South 150 East, Suite 820
>Sandy, Utah 84070
>awright@strongandhanni.com
>
>*Attorney for Plaintiff*

/s/ Sarah C. Vaughn

4846-3776-3242